IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Rebecca J Salzano<br>　　　Debtor, | BANKRUPTCY CASE NUMBER<br>24-12568-pmm |
| Carrington Mortgage Services, LLC<br>　　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Rebecca J Salzano<br>　　　Debtor/Respondent, | Hearing Date and Time: February 20, 2025 at 11:00 a.m. |
| Kenneth E. West, Office of the Chapter 13<br>Standing Trustee, Trustee<br>　　　Additional Respondent. | Courtroom # 1 |

**MOTION OF NEW AMERICAN FUNDING, LLC AS SERVICER FOR NEW AMERICAN FUNDING, LLC FKA BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING TO APPROVE THE LOAN MODIFICATION**

Carrington Mortgage Services, LLC ("Movant"), by and through its undersigned counsel, hereby requests approval to modify the mortgage loan between Debtor and Movant:

1. Debtor named above filed a Chapter 13 Bankruptcy Petition on July 25, 2024.

2. Movant holds the first mortgage on Debtor's real property located at 6 Shadetree Lane, Levittown, PA 19055 (the "Property").

3. Debtor applied for and has been approved for a loan mitigation in the form of a partial claim under FHA guidelines. A partial claim is a subordinate mortgage to the first mortgage[1].

4. The Debtor has executed all the required partial claim/subordinate mortgage documents. True and correct copies of the Promissory Note and Partial Claims Mortgage are collectively attached hereto as Exhibit "A"

---

[1] https://www.hud.gov/program_offices/housing/sfh/nsc/lossmit

5. Under the terms of the Partial Claim, $27,400.76 is to be paid. The maturity date is April 1, 2051 (See Exhibit "A").

WHEREFORE, Movant requests that this Honorable Court approve the subordinate mortgage (known as a partial claim mortgage) agreement entered into by Debtor and Movant.

Respectfully submitted,

Dated: January 13, 2025

By: /s/ Christopher A. DeNardo
Christopher A. DeNardo, 78447
Heather Riloff, 309906
Leslie J. Rase, 58365
LOGS Legal Group LLP
985 Old Eagle School Road, Suite 514
Wayne, PA 19087
(610) 278-6800
logsecf@logs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Rebecca J Salzano<br>    Debtor, | BANKRUPTCY CASE NUMBER<br>24-12568-pmm |
| Carrington Mortgage Services, LLC<br>    Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Rebecca J Salzano<br>    Debtor/Respondent, | Hearing Date and Time: February 20, 2025 at 11:00 a.m. |
| Kenneth E. West, Office of the Chapter 13<br>Standing Trustee, Trustee<br>    Additional Respondent. | Courtroom # 1 |

**O R D E R**

AND NOW, this _____ day of _____, 2025, upon the consideration of the Motion to Approve Loan Modification, no objections having been filed after notice, and finding cause to grant said Motion, it is hereby ORDERED and DECREED the Motion is GRANTED, and the partial claims mortgage secured by Debtor's real property located at 6 Shadetree Lane, Levittown, PA 19055 is hereby APPROVED.

BY THE COURT:

_____
HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Rebecca J Salzano<br>　　Debtor, | BANKRUPTCY CASE NUMBER<br>24-12568-pmm |
| Carrington Mortgage Services, LLC<br>　　Movant.<br>v.<br><br>Rebecca J Salzano<br>　　Debtor/Respondent,<br><br>Kenneth E. West, Office of the Chapter 13 Standing Trustee, Trustee<br>　　Additional Respondent. | CHAPTER 13<br><br>11 U.S.C. § 362<br><br>Hearing Date and Time: February 20, 2025 at 11:00 a.m.<br><br>Courtroom # 1 |

**CERTIFICATE OF SERVICE**

　　I, Christopher A. DeNardo, an employee of the law firm of LOGS Legal Group LLP hereby certify that I caused to be served true and correct copies of the Motion and Notice of Motion, Response Deadline and Hearing Date by First Class Mail, postage prepaid, at the respective last known address of each person set forth below on this 13th day of January, 2025:

Rebecca J Salzano
6 Shadetree Lane
Levittown, PA 19055

Brad J. Sadek, Esquire, Sadek Law Offices LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
brad@sadeklaw.com - VIA ECF

Kenneth E. West, Office of the Chapter 13 Standing Trustee, Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
ecfemails@ph13trustee.com - VIA ECF

United States Trustee
Sent via electronic notification ustpregion03.ph.ecf@usdoj.gov

　　I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ Christopher A. DeNardo
Christopher A. DeNardo, 78447
Heather Riloff, 309906
Leslie J. Rase, 58365
LOGS Legal Group LLP
985 Old Eagle School Road, Suite 514
Wayne, PA 19087
(610) 278-6800
logsecf@logs.com

# Exhibit A

FHA Case No.: 4▮▮▮▮▮▮▮▮▮

# PROMISSORY NOTE

| NOVEMBER 23, 2024 | LEVITTOWN | PENNSYLVANIA |
|---|---|---|
| [Date] | [City] | [State] |

**6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055**
[Property Address]

**1. PARTIES.**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development, his/her successors and assigns.

**2. BORROWER'S PROMISE TO PAY**
In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWENTY-SEVEN THOUSAND FOUR HUNDRED DOLLARS AND 76 CENTS (U.S. $27,400.76)**, to the order of Lender.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
   **(A) Time.**
   On APRIL 1, 2051; or, if earlier, when the first of the following events occurs:
   (i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
   (ii) The maturity date of the primary Note has been accelerated, or
   (iii) The Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or
   (iv) The property is not occupied by the purchaser as his or her principal residence.

   **(B) Place.**
   Payment shall be made at the **ISN Corporation – Western Operations Center, Attention: Secretary-Held Loan Servicing, 2000 N Classen Blvd Suite #3200, Oklahoma City, OK 73106; Toll-Free (800)-225-5342** or any such other place as Lender may designate in writing by notice to Borrower.

**5. BORROWER'S RIGHT TO PREPAY**
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. WAIVERS**
Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**7. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep

all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____          _____
Borrower                                                         Borrower
REBECCA SALZANO                                      NICK SALZANO

This Document Prepared By:
SHANNON MITCHELL
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITES 110 & 200-A
ANAHEIM, CA 92806
(866) 874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
C/O LOSS MITIGATION POST CLOSING DEPARTMENT
1600 SOUTH DOUGLASS ROAD, SUITES 110 & 200-A
ANAHEIM, CA 92806

Tax/Parcel #: 05-072-236

_____ [Space Above This Line for Recording Data] _____
FHA Case No.: ▮▮▮▮▮▮▮▮
Loan No: ▮▮▮▮▮▮▮▮

# PARTIAL CLAIMS MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **NOVEMBER 23, 2024.** The mortgagor is **REBECCA SALZANO AND NICK SALZANO, WIFE AND HUSBAND** ("Borrower"), whose address is **6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055**. This Security Instrument is given to the **Secretary of Housing and Urban Development**, his/her successors and assigns, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes

Carrington Custom Partial Claims Master ▮▮▮▮▮▮▮
Page 1

Lender the principal sum of **TWENTY-SEVEN THOUSAND FOUR HUNDRED DOLLARS AND 76 CENTS** Dollars (U.S. $27,400.76). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **APRIL 1, 2051**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **BUCKS**, State of **PENNSYLVANIA**:

which has the address of, **6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055** (herein "Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No. **05-072-236**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or

Carrington Custom Partial Claims Master

Page 2

otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the

Carrington Custom Partial Claims Master ▅▅▅▅▅▅▅                                          ▅▅▅▅▅▅▅
Page 3

default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 7 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____    12-13-24
Borrower: REBECCA SALZANO                       Date

_____    12-13-24
Borrower: NICK SALZANO                          Date

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of PENNSYLVANIA
County of __Bucks__

This record was acknowledged before me on __12/13/2024__ (date) by REBECCA SALZANO, NICK SALZANO (name(s) of individual(s)).

_____This notarial act involved the use of communication technology.

(Stamp)

__KyPatel_____
Signature of notarial officer

__KEYURI PATEL  Notary Public__
Printed Name and Title of office

Commonwealth of Pennsylvania - Notary Seal
KEYURI PATEL - Notary Public
Bucks County
My Commission Expires March 19, 2028
Commission Number 1443735

My commission expires: __03/19/2028__

Carrington Custom Partial Claims Master

Page 5

# EXHIBIT A

**BORROWER(S): REBECCA SALZANO AND NICK SALZANO, WIFE AND HUSBAND**

**LOAN NUMBER:** ▆▆▆▆▆▆▆▆

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the CITY OF LEVITTOWN, COUNTY OF BUCKS, STATE OF PENNSYLVANIA, and described as follows:

SHOWN AND DESIGNATED AS LOT 102 ON SUBDIVISION MAP OF LEVITTOWN, SECTION 1 FILED IN THE OFFICE OF THE RECORDER OF DEEDS OF BUCKS COUNTY, PENNSYLVANIA, ON JANUARY 28, 1952 IN PLAN BOOK 4 PAGE 40.

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF SHADETREE LANE (50 FEET WIDE) AT THE DISTANCE OF 74.83 FEET EASTWARDLY FROM THE EASTERLY SIDE OF STONYBROOK DRIVE W. CONTAINING IN FRONT OR BREADTH ON THE AFORESAID SIDE OF SHADETREE LANE 70 FEET AND EXTENDING SOUTHWARDLY OF THAT WIDTH IN LENGTH OR DEPTH BETWEEN PARALLEL LINES AT RIGHT ANGLES THERETO THE DISTANCE OF 100 FEET.

**Source of Title: INSTRUMENT NO. 2021025121**

**ALSO KNOWN AS: 6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055**

Date: **NOVEMBER 23, 2024**
Loan Number: ▮
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

Borrower: **REBECCA SALZANO, NICK SALZANO**

Property Address: **6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____  12-14-24
Borrower                                                                                 Date
REBECCA SALZANO

_____  12-14-24
Borrower                                                                                 Date
NICK SALZANO

Carrington Custom Partial Claims Master ▮
Page 7

Date: **NOVEMBER 23, 2024**
Loan Number: ▮
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

Borrower: **REBECCA SALZANO, NICK SALZANO**

Property Address: **6 SHADETREE LANE, LEVITTOWN, PENNSYLVANIA 19055**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____  12-14-24
**REBECCA SALZANO**                                                          Date

_____  12-14-24
**NICK SALZANO**                                                             Date

Carrington Custom Partial Claims Master ▮
Page 8

# CERTIFICATE OF RESIDENCE

**TITLE OF DOCUMENT**
PARTIAL CLAIMS MORTGAGE

**BETWEEN:**
REBECCA SALZANO, NICK SALZANO (assignor/Mortgagor/grantor)

**AND:**
SECRETARY OF HOUSING AND URBAN DEVELOPMENT (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS
451 SEVENTH STREET SW, WASHINGTON, DC 20410

By: _Tyler K_

Print Name: Tyler Karaiscos

Title: Loss Mitigation Post Closing

First American Mortgage Services